



## MEMORANDUM OPINION

No. 04-08-00138-CR

Roel Angel **MOLINA**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 229th Judicial District Court, Starr County, Texas
Trial Court No. 05-CRS-02
Honorable Alex William Gabert, Judge Presiding

PER CURIAM

Sitting:    Alma L. López, Chief Justice
            Catherine Stone, Justice
            Karen Angelini, Justice

Delivered and Filed:   July 30, 2008

DISMISSED

On March 17, 2008, the trial court clerk filed a notification of late record stating that the clerk's record had not been filed because appellant had failed to pay or make arrangements to pay the clerk's fee for preparing the record and that appellant is not entitled to appeal without paying the fee. Based on appellant's responses to our prior orders, we abated this appeal on March 26, 2008, for the trial court to conduct a hearing and determine whether appellant is indigent and entitled to a free record and appointed counsel for purposes of this appeal. A supplemental clerk's record was

filed on May 2, 2008, containing the trial court's finding that appellant is not indigent and is not entitled to appointed counsel or a free record.

On May 7, 2008, we reinstated the appeal on our docket and ordered appellant to provide written proof that the clerk's fee had been paid or arrangements had been made to pay the clerk's fee. Our order stated that if appellant failed to respond within the time provided, this appeal would be dismissed for want of prosecution. *See* TEX. R. APP. P. 37.3(b).

On May 20, 2008, appellant responded to our order asserting that he is indigent and questioning the fairness of the trial court's hearing. Having reviewed the reporter's record from the hearing, however, appellant was present and given the opportunity to present evidence. The State presented evidence of real property owned by appellant. Although appellant denied owning this property, the trial judge is the exclusive judge of the credibility of the witnesses. After weighing the conflicting evidence, the trial judge found that appellant is not indigent.

On June 10, 2008, we issued an order noting that rule 37.3(b) of the Texas Rules of Appellate Procedure permits this court to dismiss this appeal based on the appellant's failure to pay or make arrangements to pay the clerk's fee for preparing the clerk's record. TEX. R. APP. P. 37.3(b). We noted that although our order of May 7, 2008, gave appellant an opportunity to pay the fee, we would exercise our discretion and provide appellant with one final opportunity to provide written proof that the clerk's fee had been paid or arrangements had been made to pay the clerk's fee.

On July 8, 2008, appellant responded and again challenged the trial court's finding that appellant is not indigent. Having afforded appellant a reasonable opportunity to pay the clerk's fee, we hereby dismiss the appeal. *Id*.

PER CURIAM

DO NOT PUBLISH